UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANCY NESBY, | No. C 05-3555   JL |
| Plaintiff, | |
| v. | **DISCOVERY ORDER**<br>**Granting in Part Docket #s 38 and 39** |
| THE CITY OF OAKLAND, ET AL., | |
| Defendants. | |

### Introduction

This Court has jurisdiction over this case under 42 U.S.C. §1983 and by consent of the parties as provided by 28 U.S.C. §636(c) and Civil Local Rule 73.  The parties submitted separate statements, pursuant to this Court's Standing Order and the Minute Order of the Case Management Conference on August 16th, 2006.  Discovery closed on July 28.  The last day to bring a discovery motion was seven court days after the cut off.

### Discovery Dispute

Plaintiff and Defendants ask this Court to resolve their dispute over Plaintiff's discovery propounded to the City of Oakland: Interrogatories 2 through 10, 14, 15 and 16, and Requests for Production of Documents 2, 5, 6, 7, 9 and 12. Plaintiff filed her statement, in effect a motion to compel discovery, on August 24, 2006, almost one month after the close of fact discovery. Civil Local Rule 26-2 provides that where the Court has set a single discovery cut-off for both fact and expert discovery, no motions to compel discovery may

be filed more than 7 court days after the discovery cut-off. The Court already considered and ruled on Plaintiff's motion to compel further deposition testimony under FRCP 30(b)6), also filed late, but only ten days late. The close of discovery is the close of discovery. That said, the Court will attempt to facilitate the parties' dispute and move this case forward. The matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The main issues in this case involve the enforcement of an electronic arrest warrant issued by the San Francisco Police Department and Plaintiff's claim of use of excessive force by officers of the Oakland Police Department.

      The Court reviewed both parties' statements and finds that Defendants may reasonably limit the scope of their responses to Plaintiff's Interrogatories and Requests for Production of Documents to citizen complaints or lawsuits filed against the Oakland Police Department and its officers between January 1, 2000 and September 4, 2003, which were related to false arrest when based on an electronic warrant or use of force in the context of handcuffing a suspect. The Court finds that the City need not respond to Interrogatories 19 and 20, which were propounded on Officer Anderson, and to which he responded. The City need only respond to Interrogatory 21 on its own behalf.

      Compliance with this order shall be due ten court days from the e-filing of this order.

      IT IS SO ORDERED.

DATED: September 6, 2006

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\05-3555\ord-38-39.wpd