```
 1  MATT GONZALEZ (SBN 153486)
    G. WHITNEY LEIGH (SBN 153457)
 2  BRYAN W. VERESCHAGIN (SBN 188608)
    GONZALEZ & LEIGH, LLP
 3  Two Shaw Alley, Third Floor
    San Francisco, CA 94105
 4  Telephone: (415) 512-2000
    Fax: (415) 512-2001
 5
    JIVAKA CANDAPPA (SBN 225919)
 6  5111 Telegraph Avenue, #215
    Oakland, CA 94609
 7  Telephone: (510) 654-4129
    Fax: (510) 594-9610
 8
    Attorneys for Plaintiff STANCY NESBY
 9
    JOHN A. RUSSO, City Attorney - State Bar #129729
10  RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
    RACHEL WAGNER, Supervising Trial Attorney - State Bar #127246
11  PELAYO A. LLAMAS, JR., Deputy City Attorney - State Bar #162046
    One Frank H. Ogawa Plaza, 6th Floor
12  Oakland, California 94612
    Telephone: (510) 238-6621        Fax: (510) 238-6500
13  23952/384425

14  Attorneys for Defendants
    CITY OF OAKLAND and
15  OFFICER JAMES ANDERSON
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| STANCY NESBY, an Individual, | Case No. C-05-03555-JL |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER RE: INTERNAL AFFAIRS AND PERSONNEL FILES** |
| v. | |
| THE CITY OF OAKLAND, et al., | |
| Defendants. | |

Plaintiff STANCY NESBY, and her attorneys BRYAN W. VERESCHAGIN, ESQ. individually and on behalf of The Law Office of GONZALEZ & LEIGH, LLP, JIVAKA

CANDAPPA, ESQ., individually and on behalf of The Law Office of JIVAKA CANDAPPA, and Defendants CITY OF OAKLAND and JAMES ANDERSON by and through their attorney PELAYO A. LLAMAS, JR., Deputy City Attorney of the OAKLAND CITY ATTORNEY'S OFFICE, hereby stipulate to the following protective order:

1. <u>DEFINITIONS</u>

1.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or other tangible things) that are produced or generated in disclosures or responses to discovery in this matter;

1.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things qualify for protection under standards developed under F.R.Civ.P. 26(c). This material includes, but is not limited to:

    a) Information contained in and copies of certain personnel files for OFFICER JAMES ANDERSON for a period covering the dates of his employment with the Oakland Police Department through the present date pursuant to Plaintiff's Interrogatories, Set One and Request for Production of Documents, Set One, to the City and to Officer James Anderson.

    b) Information contained in and copies of certain internal affairs files pertaining to complaints about OFFICER JAMES ANDERSON or any other officer of the Oakland Police Department for a period September 4, 1998 through the present pursuant to Plaintiff's Interrogatories, Set One and Request for Production of Documents, Set One, to the City and to Officer James Anderson.

    c) Internal Affairs File 04-258 pertaining to the subject incident which forms the basis of this matter.

    d) Any deposition testimony given that relates to information contained in the internal affairs or personnel files of OFFICER JAMES ANDERSON and any other police officer or employee that is covered any right to privacy under applicable law.

    e) Any other information contained in or documents produced pursuant to discovery in this case designated as "Highly Confidential" or "Confidential."

  1.4 <u>"Highly Confidential-Attorneys' Eyes Only" or "Confidential" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

  1.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

  1.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

  1.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys Eyes Only."

  1.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

  1.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  1.10. <u>House Counsel</u>: attorneys who are employees of a Party.

  1.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

  1.12. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve

1 as an expert witness or as an consultant in this action and who is not a past or a current
2 employee of a Party and who, at the time of retention, is not anticipated to become an
3 employee of a Party. This definition includes a professional jury or trial consultant retained
4 in connection with this litigation.

5     1.13    Professional Vendors: person or entities that provide litigation support
6 services (e.g., photocopying: videotaping; translating; preparing exhibits or
7 demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their
8 employees and subcontractors.

9     2. SCOPE

10     The protections conferred by this Stipulation and Order cover not only
11 Protected Material (as defined above), but also any information copied or extracted
12 therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
13 testimony, conversations, or presentations by parties or counsel to or in court or in other
14 settings that might reveal Protected Material.

15     3. DURATION

16     Even after the termination of this litigation, the confidentiality obligations
17 imposed by this Order shall remain in effect until a Designating Party agrees otherwise in
18 writing or court order otherwise directs.

19     4. DESIGNATING PROTECTED MATERIAL

20     4.1 Exercise of Restraint and Care in Designating Material for Protection.
21     Each Party or non-party that designates information or items for protection
22 under this Order must take care to limit any such designation to specific material that
23 qualifies under the appropriate standards. A Designating Party must take care to
24 designate for protection only those parts of material, documents, items, or oral or written
25 communications that qualify – so that other portions of the material, documents, items, or
26 / / /

STIPULATED PROTECTIVE ORDER     4    C-05-03555-JL
RE: INTERNAL AFFAIRS AND
PERSONNEL FILES

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, <u>e.g.</u>, second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualified for protection under the Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

1 | determine which documents, or portions thereof, qualify for protection under this Order,
2 | then, before producing the specified documents, the Producing Party must affix the
3 | appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
4 | ONLY") at the top of each page that contains Protected Material.   If only a portion or
5 | portions of the material on a page qualifies for protection, the Producing Party also must
6 | clearly identify the protected portion(s) (<u>e.g.</u>, by making appropriate markings in the
7 | margins) and must specify, for each portion, the level of protection being asserted (either
8 | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").
9 |     (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>
10 | that the Party or non-party offering or sponsoring the testimony identify on the record,
11 | before the close of the deposition, hearing, or other proceeding, all protected testimony,
12 | and further specify any portions of the testimony that qualify as "HIGHLY
13 | CONFIDENTIAL—ATTORNEYS' ONLY." When it is impractical to identify separately each
14 | portion of testimony that is entitled to protection, the Party or non-party that sponsors,
15 | offers, or gives the testimony may invoke on the record (before the deposition or
16 | proceeding ins concluded) a right to have up to 20 days to identify the specify the level of
17 | protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
18 | ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately
19 | designated for protection within the 20 days shall be covered by the provisions of this
20 | Stipulated Protective Order.
21 |     Transcript pages containing Protected Material must be separately bound by
22 | the court reporter, who must affix to the top of each such page the legend
23 | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as
24 | instructed by the Party or non-party offering or sponsoring the witness or presenting the
25 | testimony.
26 | / / /

    (c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

    4.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

    5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    5.1 <u>Timing of Challenges.</u> Unless a proper challenge to a Designating Party's confidentially designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chose designation. A challenging Party may

/ / /

STIPULATED PROTECTIVE ORDER      7      C-05-03555-JL
RE: INTERNAL AFFAIRS AND
PERSONNEL FILES

proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

6.2  Disclosure of "CONFIDENTIAL: Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f) the author the document or the original source of the information.

6.3  Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (b) the Court and it's personnel;

        (c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

        (d) the author of the document or the original source of the information.

### 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designation Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>FILING PROTECTED MATERIAL.</u>  Without written permission form the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not in the public record in this action any Protected material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  In addition to placing the documents in a sealed envelope with instructions that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify title of the case, the case number, and the title of the document.

10. <u>FINAL DISPOSITION.</u>  Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action (defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal), each Receiving Party must return all Protected Material to the Producing Party, as used in this subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead or returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that

the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. <u>MISCELLANEOUS</u>

<u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12. <u>JURISDICTION.</u> The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

**IT IS SO STIPULATED.**

DATED: September 15, 2006          GONZALEZ & LEIGH, LLP

By://s//BRYAN W. VERESCHAGIN
BRYAN W. VERESCHAGIN, ESQ.
Attorneys for Plaintiff
Stancy Nesby

DATED: September 29, 2006

//s//JIVAKA CANDAPPA
JIVAKA CANDAPPA, ESQ.
Attorney for Plaintiff
Stancy Nesby

DATED: September 29, 2006          OFFICE OF THE CITY ATTORNEY

STIPULATED PROTECTIVE ORDER      12      C-05-03555-JL
RE: INTERNAL AFFAIRS AND
PERSONNEL FILES

```
                                     By://s//PELAYO A. LLAMAS, JR.
                                        PELAYO A. LLAMAS, JR.
                                        Deputy City Attorney
                                        Attorneys for Defendants
                                        City of Oakland and Officer James Anderson
```

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: OCTOBER 4, 2006

*IT IS SO ORDERED*
*Judge James Larson*

JAMES ____
Chief ____

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on _____[date] in the case of <u>Stancy Nesby v. The City of Oakland, et al.</u>, Case No. C-05-03555-JL.   I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____
City and State where sworn and signed:_____

Printed name:_____
[printed name]

Signature:_____
[signature}

STIPULATED PROTECTIVE ORDER   14   C-05-03555-JL
RE: INTERNAL AFFAIRS AND
PERSONNEL FILES