UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANCY NESBY,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CITY OF OAKLAND, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 05-3555   JL<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STRIKE EXPERT REPORTS AND EXCLUDE EXPERT TESTIMONY (DOCKET # 62)** |

**Introduction**

This Court has jurisdiction over this case under 42 U.S.C. §1983 and by consent of the parties as provided by 28 U.S.C. §636(c) and Civil Local Rule 73. The parties submitted letter briefs on a number of issues, most of which were decided by the Court at the hearing on November 22 and are reflected in the Minute Order for that hearing. The Court took under submission the single issue of Defendants' request that the Court strike Plaintiff's expert reports and the testimony of Plaintiff's experts.

**Summary of Order**

The Court hereby orders that Defendants' motion to strike Plaintiff's expert disclosure, bar Plaintiff from presenting expert testimony at trial or at hearing on any motion, and bar Plaintiff from using previously undisclosed documents is denied without prejudice and discovery is hereby re-opened for the limited purpose of permitting

Defendants to depose Plaintiff's experts Taylor Miller and Victoria Washburn and a knowledgeable witness from the San Francisco Sheriff's Department Warrant Division.

Defendants' motion to exclude expert testimony of Kenneth Moses and Jonathan French is granted, as Plaintiff failed to produce a report from either of them. Plaintiff informed the Court at the hearing that she would not be offering testimony at trial from these two experts.

## The Parties' Dispute

Defendants object to Plaintiff's expert witnesses. This Court's Pretrial Order required experts to be disclosed (along with an opinion letter or report as required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure) by July 28, 2006. Furthermore, according to the Order "All discovery from experts shall be completed by September 15, 2006." Reports for two of the experts, Taylor Miller and Valerie Washburn, were produced on Saturday, November 11, 2006, fifteen weeks after the cut-off. Reports for two of Plaintiff's witnesses, Mr. Moses and Dr. French, were never produced.

The Miller report refers to the criminal history of Meseret Abraha, which Plaintiff never previously disclosed or produced in this lawsuit. This is presumably the person who was really wanted by the San Franciso Police Department and who has allegedly stolen Plaintiff's identity. Defendants object to Plaintiff's using this evidence in support of her expert's opinion that Defendants did not adequately investigate Plaintiff's claim that the San Francisco arrest warrant bearing her name, date of birth, and physical description was not hers.

Defendants contend that had the information on Meseret Abraha's criminal history been properly disclosed they would have made their own investigation, including taking depositions of employees of the San Francisco Sheriff's Department Warrant Division to find out what information it had available to give to the Oakland Police Department at the time San Francisco confirmed the warrant was active. Defendants up to now have been relying on the Warrant Abstract sent by the San Francisco Sheriff to the Oakland Police Department at the time of the incident which shows no FBI number for the warrant subject.

Defendants move pursuant to Rule 37, Federal Rules of Civil Procedure, to strike all expert witness evidence and related documents from being used by Plaintiff in connection with any motion or at trial.

Defendants contend that exclusion of this undisclosed evidence is automatic if it was withheld without substantial justification and if its introduction at trial would be prejudicial to Defendants. The violating party (in this case Plaintiff) has the burden of proving substantial justification and lack of prejudice. *NutraSweet Co. v. X-L Engineering, Inc.*, 227 F3d 776, 785-786 (7th Cir. 2000); *Saudi v Valmet-Appleton, Inc.*, 219 F.R.D. 128, 132 (E.D. Wisconsin 2003).

Defendants scoff at Plaintiff's labeling the disclosures as "supplemental" since they are new opinions not previously disclosed. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F3d 320, 324 (5th Cir,. 1998); *Keener v U.S.*, 181 F.R.D. 639, 642 (D. Mont. 1998).

## Conclusion

The parties are scheduled for a further settlement conference and need to complete their discovery as best they can in order to negotiate effectively. The Court does not condone Plaintiff's untimely disclosures but sees no benefit to the just resolution of this case in excluding testimony by Plaintiff's experts. At the same time, the Court seeks to minimize prejudice to Defendants by permitting them to examine these witnesses in order to evaluate the need for rebuttal experts. The Court, upon a request from either party, will consider continuing the trial date. For now, all dates will remain as set in the Minute Order following the hearing on November 22.

Defendants' motion to strike Plaintiff's expert disclosure, bar Plaintiff from presenting expert testimony at trial or at hearing on any motion, and bar Plaintiff from using previously undisclosed documents is hereby denied without prejudice and discovery is re-opened for the limited purpose of permitting Defendants to depose Plaintiff's experts Taylor Miller and Victoria Washburn and a knowledgeable witness from the San Francisco Sheriff's Department Warrant Division.

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | Defendants' motion to exclude expert testimony of Kenneth Moses and Jonathan |
| 2 | French is hereby granted. |
| 3 | IT IS SO ORDERED. |
| 4 | DATED: November 22, 2006 |

_____/s/_____
James Larson
Chief Magistrate Judge